UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harry Hollingsworth,

    Plaintiff,

v.                                                        Case No.: 13-11625

Ford Motor Company, a Delaware Corporation,
and International Union, United Automobile,     Honorable Sean F. Cox
Aerospace, and Agricultural Implement Workers
of America, Local 600, a labor organization,

    Defendants.
_____/

## ORDER CONVERTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS TO A MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 12(d)

On March 12, 2013, Plaintiff commenced this action against Defendants Ford Motor Company ("Ford") and the UAW Local 600 ("Union") in the 36th District Court, State of Michigan, alleging two counts sounding in breach of contract and violation of the Labor Management Relations Act ("LMRA"). (Doc. Entry #1).

On April 10, 2013, Defendant Ford Motor Company removed the action to this Court. (Doc. Entry #1). Ford filed its Answer to the Complaint and Affirmative Defenses on April 15, 2013, (Doc. Entry #7), along with its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. Entry #8). In its motion, Ford argues that Plaintiff's claims are time-barred by the six month statute of limitations applicable to causes of action under Section 301 of the LMRA.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented

to and not excluded by the court, the motion *must* be treated as one for summary judgment. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence." *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006).

In his response to Ford's 12(c) motion, Plaintiff attaches his Affidavit, setting forth facts that are not previously contained in the pleadings or the materials attached to the pleadings. (*See* Pl.'s Resp. at Ex. A). Ford, in its reply to Plaintiff's response, repeatedly refers to Plaintiff's affidavit, and also attaches the Declaration of Kevin Littlejohn along with a copy of the Collective Bargaining Agreement between Ford and the Union. (*See* Def.'s Reply at Ex. A, and Ex. A, Tab 1).

In ruling on Defendant's Motion for Judgment on the Pleadings, this Court will not exclude Plaintiff's affidavit, Kevin Littlejohn's declaration, and the Collective Bargaining Agreement. Because these matters fall squarely outside of the pleadings, the applicable Rules require this Court to convert Defendant's present motion into a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Based on the foregoing, IT IS HEREBY ORDERED that:

1) Defendant Ford's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. is hereby converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56;

2) Each party may submit additional materials, documents or evidence pertinent to this Motion within fourteen (14) days of the issuance of this Order; and

(3) Along with their additional materials, each party may submit a supplemental brief of no more than five (5) pages arguing the relevancy or importance of the additional

materials, documents or evidence submitted.

**IT IS SO ORDERED.**

                                               S/Sean F. Cox
                                               Sean F. Cox
                                               United States District Judge

Dated:  November 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 13, 2013, by electronic and/or ordinary mail.

                                             S/Jennifer McCoy
                                             Case Manager