UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harry L. Hollingsworth,

      Plaintiff,

v.                                                      Case No.  13-11625

                                             Honorable Sean F. Cox

Ford Motor Co. and International Union,
United Automobile, Aerospace, and Agricultural
Implement Workers of America, Local 600,

      Defendants.
_____/

**OPINION AND ORDER**

       This case is, in essence, a contract dispute.  Plaintiff Harry Hollingsworth ("Plaintiff") alleges that Defendant Ford Motor Company ("Defendant" or "Ford") breached a Grievance Settlement Agreement that was negotiated by Defendant UAW on Plaintiff's behalf –  and in so doing, Ford allegedly breached the collective bargaining agreement ("CBA") as well.  Plaintiff also alleges that Defendant UAW breached its duty of fair representation when it failed to represent Plaintiff regarding Defendant Ford's alleged breach of the Grievance Settlement Agreement.

       This matter is before the Court on Defendant Ford's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. #8) and Plaintiff's Motion To Remand.  (Doc. #14).  The motions have been fully briefed by the parties.  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process.  See Local Rule 7.1(f)(1), U.S.D.C., E.D. Mich.  The Court therefore orders that the motion will be decided upon the briefs.

       For the reasons set forth below, this Court GRANTS Defendant Ford's motion for summary

judgment on the state law breach of contract claim, but DENIES Defendant Ford's motion with respect to Plaintiff's hybrid section 301 claim[1], and DENIES Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff Harry Hollingsworth was terminated from his employment at Ford Motor Company on May 18, 2009 for allegedly misusing company funds. (Pl.'s Compl. at ¶ 10; Union Grievance, Pl.'s Compl. at Ex. A). Plaintiff complained to his union, UAW Local 600, who filed a grievance on Plaintiff's behalf on May 20, 2009. (Pl.'s Compl. at ¶ 11; *see also* Pl.'s Compl. at Ex. A). The grievance procedure between the UAW and Defendant Ford is governed by a Collective Bargaining Agreement ("CBA").

On August 25, 2010, the UAW, Ford, and Plaintiff settled the grievance. (*See* Grievance Settlement, attached to Pl.'s Compl. at Ex. B). The Grievance Agreement provided that Plaintiff was to receive a lump sum payment of $20,000, and also that Plaintiff's employment with Ford was reinstated for the sole purpose of allowing him to select a separation package. (Pl.'s Compl. at Ex. B). The Grievance Agreement further stated that "[r]einstatement under this grievance agreement . . . will not allow the grievant to return to active employment within Ford Motor Company or activate any other economic benefit (i.e. vacation entitlement, Christmas bonus, lump-sum payments, etc.) associated with active employment status." (Pl.'s Compl. at Ex. B).

Plaintiff elected to receive a separation package worth an additional $40,000. Plaintiff received a total of three checks from Ford, with the last check received on April 6, 2011. (Pl.'s

---

[1]A "hybrid section 301" claim is comprised of two co-dependent allegations: that the employer breached the Collective Bargaining Agreement, and that the Union breached its duty of fair representation of the employee. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).

Compl. at ¶ 20).  Each check was issued for a gross amount of $20,000, but the net amount varies

because Ford made several deductions from each check.  (Pl.'s Compl. at Ex. D, E, and F).  These

deductions are the crux of the parties' dispute: Ford maintains that it made deductions from the

checks in conformity with the settlement agreement because the deductions were for taxes and

"wrongfully retained sums" like vacation, profit-sharing, and unemployment benefits that Plaintiff

knew he was not supposed to receive, but received and retained them anyway.  (Def.'s Supp. Br. at

3).  Plaintiff maintains that Ford's deduction of these sums from his checks was a material breach

of their Grievance Agreement.

Plaintiff claims he sought assistance from Defendant UAW regarding this check deductions

issue, but to no avail.  Plaintiff testified that he

> continued working with UAW Local 600 and [his] UAW Local 600 representatives,
> Mr. Richards and Mr. Robison, during [his] grievance and following the entry of
> Grievance Settlement, until the UAW Local 600 letter of January 17, 2013, to inquire
> and seek a determination as to whether Ford was complying with the total payments
> pursuant to the Grievance Settlement or whether Ford would be making further
> payments.

(Hollingsworth Aff., attached to Pl.'s Resp. at Ex. A).  Plaintiff further testified that, throughout

2011 and 2012, Mr. Robison assured him that he would investigate Plaintiff's complaint regarding

the Grievance Agreement and file a grievance if warranted.  (Pl.'s Resp. at Ex. A, ¶ 19).

Plaintiff maintains that the first time he learned that the UAW would not be filing a

grievance on his behalf was through a letter from UAW counsel to Plaintiff's counsel, dated January

17, 2013.  (See Pl.'s Resp. at Ex. C).  Plaintiff further claims he did not learn that Ford did not intend

to make any more disbursements to him until his attorney received correspondence from Ford dated

December 11, 2012.  (See Pl.'s Resp. at Ex. B).

Plaintiff filed suit in 36th District Court, State of Michigan, against Ford and Defendant

3

UAW Local 600 on March 12, 2013.  (*See* Notice of Removal, Doc. #1, at ¶ 1).  Plaintiff alleged two counts: Count I - Breach of Contract against Defendant Ford, and Count II - Violation of § 301 of the Labor Management Relations Act, 29 U.S.C. 185, against Ford and UAW Local 600.

Defendant Ford removed the case to this Court on April 10, 2013.  (Doc. #1).  Defendant Ford filed its Answer and Affirmative Defenses to Plaintiff's Complaint on April 15, 2013, (Doc. #7), and its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) on the same date.  (Doc. #8).  Plaintiff responded to Defendant's motion and also filed his own Motion for Remand (Doc. #14).

Because the parties referred to and attached to their briefs matters that were wholly outside the pleadings, this Court was required to, and did, convert Defendant's motion into a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.  (Doc. #21).

## STANDARD OF DECISION

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984), *quoting* FED. R. CIV. P. 56(c).

"The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case." *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir.1993).  "The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case." *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993).  The plaintiff must come forth with more than a "mere

scintilla of evidence" in support of his or her position in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "The court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

1. **Does Section 301 of the Labor Management Relations Act Preempt Plaintiff's State Law Breach of Contract Claim?**

Plaintiff has plead a state law breach of contract claim against Defendant Ford for allegedly breaching the grievance settlement. (Pl.'s Compl. at ¶ 32). Defendant Ford argues that it is entitled to summary judgment on Plaintiff's state law breach of contract claim because it is preempted by section 301 of the LMRA. (*See* Def.'s Mo. at 2).

Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The United States Supreme Court has held that section 301 preempts certain state law actions involving collective bargaining agreements because federal law envisions a national labor policy that would be disturbed by conflicting state interpretations of the same CBA. *See Textile Workers Union v. Lincoln Mills*, 353 U.S. 448 (1957).

The Sixth Circuit has applied section 301 preemption to some state law breach of contract claims. In *Jones v. General Motors Corp.*, 939 F.2d, 380, 382 (6th Cir. 1991), the plaintiff alleged that his employer breached a grievance agreement by failing to reinstate his employment. *Jones*, 939 F.2d at 382. The UAW settled plaintiff's grievance with defendant-employer by utilizing the

5

grievance procedure set forth in the CBA. *Id.* at 383. The plaintiff filed suit against the UAW and

General Motors, alleging breach of contract along with a hybrid section 301 claim. The *Jones* court

held that

> [o]ur precedent compels pre-empting Jones's breach of contract suit . . . [T]he
> settlement agreement itself is a creature wholly begotten by the CBA. The job from
> which Jones was fired and to which he seeks reinstatement exists solely by virtue of
> the CBA. The settlement agreement was the settlement of a grievance filed on
> Jones's behalf by the union pursuant to the dispute resolution procedures of the
> CBA. The parties agreeing to the settlement were GM and Jones's collective
> bargaining representative, the UAW.

*Id.* The Sixth Circuit liberally construes section 301 to preempt many state law claims, often

because "they have implicated federal policies underlying federal labor law." *Id.* For example, the

Sixth Circuit has found preemption where "the rights in dispute were created by a collective

bargaining agreement, where the implicated employment relationship was subject to a collective

bargaining agreement, and where the state-law claim required the court to examine 'the practices

and customs of a workplace whose conditions are governed by the CBA.'" *Heard v. SBC Ameritech

Corp.*, 205 Fed. App'x 355, 358 (6th Cir. 2006)..

      Despite its broad application of Section 301 preemption, the Sixth Circuit recognizes that

section 301 does not preempt state law claims that are independent of the CBA. *Mattis v. Massman*,

355 F.3d 902, 906 (6th Cir. 2004). For complete preemption to take effect, the claim at issue must

require interpretation of the CBA, or assert rights created by the CBA. *Id.* The Sixth Circuit

employs a two part test to determine whether a claim is preempted by section 301:

> First, courts must determine whether resolving the state law claim would require
> interpretation of the terms of the [labor contract]. If so, the claim is preempted.
> Second, courts must ascertain whether the rights claimed by the plaintiff were
> created by the [labor contract], or instead by state law. If the rights were created by
> the [labor contract], the claim is preempted. In short, if a state-law claim fails *either*
> of these two requirements, it is preempted by [section] 301.

*Paul v. Kaiser Foundation Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012).

Defendant Ford maintains that the facts of the present case are indistinguishable from those seen in *Jones*, and that Plaintiff's breach of contract claim is preempted because the settlement agreement exists solely due to the CBA.  (Def.'s Supp. Br. at 2-3).

Plaintiff avers that his breach of contract claim is not preempted because it can be resolved without interpreting the CBA, *see DeCoe v. GMC*, 32 F.3d 212, 216 (6th Cir. 1994), and because his state law contract rights are independent of, and not intertwined with, the CBA.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396-97 (1987).

This Court finds that Plaintiff's breach of contract claim preempted by section 301.  First, Plaintiff alleges in Count II of his Complaint that "Ford's material breach of the Grievance Settlement and Separation Package violates the collective bargaining agreement between Ford and UAW Local 600."  (Pl.'s Compl. at ¶ 38).  Plaintiff appears to recognize that his breach of contract claim implicates the CBA between Defendant Ford and Defendant UAW.

Next, the  grievance settlement agreement at issue was negotiated primarily by Defendant Ford and Defendant UAW pursuant to procedures and conditions set forth in the CBA.  The contract rights that Plaintiff wishes to enforce now were created, in part, because of the CBA existing between the Defendants, and is therefore intertwined with the CBA.  *See Heard*, 205 Fed. App'x at 358; *see also Paul*, 701 F.3d at 519.

Based on these circumstances, this Court finds no genuine issue of material fact as to whether Plaintiff's state law breach of contract claim is preempted by federal law.  Plaintiff's claim fails at least one, and likely both, prongs of the two-part test used to determine whether preemption exists.  *See Paul*, 703 F.3d at 519.  Therefore, this Court GRANTS Defendant's Motion for

Summary Judgment on Count I of Plaintiff's Complaint and DISMISS the same.

**2.      Is Plaintiff's hybrid section 301 claim time barred?**

Defendant Ford argues that it is entitled to summary judgment on Plaintiff's hybrid section 301 claim because it is barred by the six month statute of limitations applicable to LMRA claims. *See Robinson v. Central Brass Manufacturing Co.,* 987 F.2d 1235, 1238 (6th Cir. 1993) (recognizing that a six month statute of limitations applies to LMRA claims); *see also DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 171 (1983). A hybrid section 301 claim accrues when "the employee knew or should have known of the union's final action or should have known of the employer's final action, *whichever occurs later*." *Id.* at 1239 (emphasis added).

Defendant Ford maintains that Plaintiff's claim accrued when Plaintiff received his final check from Ford in April 2011, nearly two years before Plaintiff filed suit in March 2013. Defendant further argues that it should have been clear to Plaintiff that UAW was not pursuing a grievance on his behalf when the UAW did not act within the time limits prescribed by the CBA.

Plaintiff argues that his claim against Ford and UAW did not accrue until he received a letter from UAW on January 17, 2013 indicating that the UAW would not pursue his claim any further, and that UAW has "no responsibility . . . to file a grievance as it relates to this matter." (Pl.'s Resp. at Ex. A, attached Ex. C). Alternatively, Plaintiff argues that equitable tolling applies to his section 301 claim because the UAW allegedly fraudulently concealed facts from Plaintiff while he was pursuing internal procedures.

This Court finds that there is a genuine issue of material fact as to whether Plaintiff's section 301 claim is time barred. Plaintiff testified that "[i]n 2011, Mr. Robison informed [him] that he and

UAW Local 600 would investigate whether Ford complied with the total payments due pursuant to the Grievance Agreement . . . ." (Hollingsworth Aff, attached to Pl.'s Resp. at Ex. A. ¶ 18). Plaintiff further testified that

> Mr. Robison repeatedly advised and assured [Plaintiff] that he and UAW Local 600 were investigating whether Ford complied with the total payments due pursuant to the Grievance Settlement or whether Ford would be making payments and that, depending on the information obtained, UAW Local 600 would file a grievance on [Plaintiff's] behalf.

(Hollingsworth Aff, attached to Pl.'s Resp. at Ex. A. ¶ 19). Plaintiff argues that he did not know of the union's final action regarding his grievance until his counsel received the January 17, 2013 letter from UAW's attorney. (*See* Pl.'s Resp. at Ex. A, attached Ex. C). Plaintiff initiated this action on March 12, 2013 – less than two months after receiving notice from the UAW that it would not file a grievance on his behalf.

Construing the evidence in the light most favorable to the Plaintiff, there is a genuine issue of material fact as to whether Plaintiff knew or should have known that the UAW was not going to file a grievance on his behalf, and, in turn, whether Plaintiff's claim was timely filed within the six month statute of limitations period. This Court therefore DENIES Defendant's Ford's Motion for Summary Judgment as to Count II.

**3.    Plaintiff's Motion to Remand Is Denied Because Count One Is Preempted By The LMRA**

In Plaintiff's Motion to Remand, he argues that this Court should decline to exercise supplemental jurisdiction over Count I (his state law breach of contract claim) because it substantially predominates over Count II, the claim over which this court has original jurisdiction. (Pl.'s Mo. at 9).

Plaintiff acknowledges that his argument for remand rests on the assumption that Plaintiff's

Count I is not completely preempted by section 301 of the LMRA.  "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

This Court has held that Plaintiff's state law breach of contract claim is completely preempted by section 301 of the LMRA.  It follows that Count I is considered federal "from its inception" and it would be anomalous for this Court to remand an essentially federal claim back to state court.  This Court therefore DENIES Plaintiff's Motion to Remand because it finds that Plaintiff's state law claim is preempted by federal law.

## CONCLUSION & ORDER

For the reasons set forth above, this Court GRANTS Defendant Ford's Motion for Summary Judgment (Doc. #8) as to Count I of Plaintiff's Complaint, but this Court DENIES Defendant Ford's Motion for Summary Judgment as to Count II of Plaintiff's Complaint.  This Court also DENIES Plaintiff's Motion to Remand.  (Doc. #14).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

10