UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harry L. Hollingsworth,

    Plaintiff,

v.                                                   Case No. 13-11625

                                                     Honorable Sean F. Cox

Ford Motor Co. and International Union,
United Automobile, Aerospace, and Agricultural
Implement Workers of America, Local 600,

    Defendants.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANT FORD MOTOR COMPANY'S BILL OF COSTS TAXED (Doc. #91).**

       This case is, at its core, a contract dispute. Plaintiff Harry Hollingsworth ("Plaintiff") alleges that Defendant Ford Motor Company ("Ford") breached a Grievance Settlement Agreement after Ford terminated Plaintiff's employment. The Grievance Settlement Agreement was negotiated by Defendant International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") on Plaintiff's behalf. Plaintiff also alleges that the UAW breached its duty of fair representation when it failed to file a grievance on Plaintiff's behalf regarding Ford's alleged breach of the Grievance Settlement Agreement.

       The Court granted Defendants' motions for summary judgment and thereafter entered judgment in Defendants' favor.[1] This matter is before the Court on Plaintiff's Objections to the Clerk of the Court's entry of an award of taxed costs in favor of Ford in the amount of $2,300.00.

---

[1] Plaintiff filed a Notice of Appeal on December 30, 2014. (Doc. #92).

(Doc. #91). For the following reasons, this Court shall SUSTAIN Plaintiff's objection as to the deposition transcript of Anthony Richard, OVERRULE Plaintiff's objection as to the deposition transcript of John Wright, and award taxed costs in favor of Ford in the amount of $1,856.70.

## BACKGROUND

Plaintiff filed suit against Defendants in 36th District Court, Detroit, Michigan on March 12, 2013. Defendants removed the case to this Court on April 10, 2013. (Notice of Removal, Doc. #1). In his Complaint, Plaintiff alleged a "hybrid § 301" claim against Defendants pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as well as a breach of contract claim against Ford only. (Doc. #1 at Ex. 1).[2]

On December 17, 2014, this Court granted Ford's Motion for Summary Judgment (Doc. #52), granted UAW's Motion for Summary Judgment (Doc. #50), and entered Judgment in favor of Defendants. (Opinion and Order, Doc. #87; Judgment, Doc. #88). This Court did so based on its finding that Plaintiff could not prevail on his hybrid § 301 LMRA claim against either party because Plaintiff, as a retiree, could not prove that UAW owed him a duty of fair representation.

On December 22, 2014, Ford filed a Bill of Costs in the amount of $2,300.00. (Ford Bill of Costs, Doc. #89). This amount represents a removal fee of $350.00 and deposition transcript fees in the amount of $1,950.00. (Doc. #89). Included in Ford's claimed transcript fees are amounts associated with obtaining the deposition transcripts of John Wright ($493.90) and Anthony Richard ($443.30). (Doc. #89). Ford claims that these transcript costs are properly taxable because both of these deposition transcripts were cited in Ford's Motion for Summary Judgment—Statement of

---

[2] This Court dismissed Plaintiff's breach of contract claim as preempted by the LMRA claim. (Dec. 30, 2013 Opinion and Order, Doc. #25).

Material Facts Not In Dispute. (Ford Stmt. of Facts, Doc. #51). On December 23, 2014, the Clerk of the Court taxed Ford's Bill of Costs in the amount of $2,300.00, the full amount claimed. (Ford's Taxed Bill of Cost, Doc. #90).

Plaintiff objects to the amount of costs taxed against him in favor of Ford. Plaintiff argues that this Court has the discretion to disallow costs, and should do so here, where the "issues are close and difficult." (Pl. Obj., Doc. #91 at 2). In the alternative, Plaintiff argues that costs for obtaining the deposition transcripts of Anthony Richard and John Wright should be disallowed because they were not reasonably necessary for Ford's Motion for Summary Judgment. (Doc. #91 at 2). Defendant Ford has not filed a response to Plaintiff's objections.

## APPLICABLE LAW

Federal Rule of Civil Procedure 54(d) governs taxation of costs. It provides, in pertinent part:

> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). Among other things, the Clerk of the Court may tax costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "A deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment." *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982), *cited by* Pl. Obj. at 2; *see also Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 2009 WL 1514367 at *2 (E.D. Mich. 2009) (adopting Report and Recommendation). Local Rule 54.1 provides that "[t]he clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook

available from the clerk's office and the Court's web site."

## ANALYSIS

The Court finds that the deposition transcript of Anthony Richard was not reasonably necessary for use in conjunction with Ford's Motion for Summary Judgment. 28 U.S.C. § 1920(1). Anthony Richard was the UAW Representative with whom Plaintiff alleged to have communicated regarding Ford's deductions from Plaintiff's Grievance Settlement checks.

In its Statement of Material Facts Not In Dispute ("Statement"), Ford cited to Richard's Deposition Transcript in paragraphs 43 and 44. (Doc. #51 at ¶¶ 43, 44). Yet, Ford did not refer to paragraph 43 or paragraph 44 of its Statement in either its opening brief or its reply brief. (*See* Ford MSJ, Doc. #52 and Ford Reply, Doc. #65). In other words, Ford never relied, in whole or in part, on Richard's deposition testimony to show that it was entitled to summary judgment. Indeed, the issue of whether Richard communicated with Ford or Plaintiff regarding Ford's deductions from Plaintiff's checks was not central to Plaintiff's claim against Ford, i.e. that Ford's deductions from the checks were improper. Therefore, the Court cannot conclude that Ford's use of Richard's deposition transcript was necessarily obtained for use in connection with Ford's Motion for Summary Judgment.

However, the same cannot be said of Ford's use of John Wright's deposition transcript. John Wright is employed by Ford as a Manager of Arbitration and Wage Administration. (Wright Dec., Doc. #23 at Ex. 1). In its Statement, Ford cited Wright's deposition transcript at least five times. (Stmt., Doc. #51 at ¶¶ 16–18, 25, 30). John Wright testified regarding allegations central to Plaintiff's claim against Ford, including the reasons that Ford made deductions from Plaintiff's Grievance Settlement Checks. (*See generally*, Wright Dep., attached to Doc. #51 at Ex. 6). Ford

4

relied, at least in part, on John Wright's deposition testimony in an attempt to show that Ford's deductions from the checks were proper. (Ford MSJ, Doc. #52 at 3). Therefore, the Court concludes that John Wright's deposition testimony was reasonably necessary for use in connection with Ford's Motion for Summary Judgment.

Plaintiff argues that the fact that this Court did not reference John Wright's deposition in its December 17, 2014 Opinion and Order shows that his deposition transcript was not reasonably necessary. However, Plaintiff has provided no authority to support this assertion, and the applicable law suggests otherwise. John Wright's deposition testimony was necessary to support one of the arguments that Ford asserted in its motion for summary judgment, even though the Court ultimately granted summary judgment on other grounds. Therefore, the Court concludes that Ford, as a prevailing party, is entitled to recovery of costs associated with obtaining the deposition transcript of John Wright.

## CONCLUSION & ORDER

Based on the foregoing, the Court shall SUSTAIN IN PART and OVERRULE IN PART Plaintiff's Objections to Ford's Taxed Bill of Costs. Defendant Ford is hereby awarded costs in the amount of $1,856.70. Defendant Ford is not entitled to costs associated with the deposition of Anthony Richard.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 30, 2015

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harry L. Hollingsworth,

    Plaintiff,

v.									Case No. 13-11625

									Honorable Sean F. Cox

Ford Motor Co. and International Union,
United Automobile, Aerospace, and Agricultural
Implement Workers of America, Local 600,

    Defendants.
_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on

March 30, 2015, by electronic and/or ordinary mail.

                    S/Jennifer McCoy
                    Case Manager